978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gary Dean OLSON; Appellant,
Calvin Newman; Ron Gant; Danny Daughtery; Werner Kunkel;
Frank Harris; Bruce Johnson; Clark Fimreite; Walter
Grant; Dennie Houle; John Leftbear; Reggie Tweed; Felix
Revial; Carlos Zeno; Raymond Namyniak; Dale Kressin;
Darrell Red Paint; Mark Petite; Kevin Hokanson; Timothy
Feist; Lynn Richard Myers; John Fontaine; Marcus
McKinney; Abram Crumley; Kent Ebert, on behalf of
themselves and all others similarly situated, Plaintiffs,
v.
Elaine LITTLE, as Director of the North Dakota Department of
Corrections and Rehabilitations; Timothy Schuetzle, as the
Warden of the North Dakota State Penitentiary; Bob Coad, as
the Deputy Warden of the North Dakota State Penitentiary,
and Administrator of Inmate Rights, and Inmate Rules and
Regulations, and Recreation and Activities, and "Unit
Management Multi- Disciplinary Team" in the North Dakota
State Penitentiary; Daniel Wrolstad, as the Director of
Classification, and Administrator of the Reception and
Orientation, and Inmate Work Programs, and Inmate Library,
and Inmate Law Library in the North Dakota State
Penitentiary; Cordell Stromme, as the Chief of Security,
and Administrator of Special Management Inmates, and the
Mail Room; Steve Scott, as former Chief of Security in the
North Dakota State Penitentiary; Donald Redmann, as the
Representative of the American Correctional Association in
the North Dakota State Penitentiary, and Training Office;
American Correctional Association, as CoDefendant, by valid
contract with the North Dakota Department of Corrections and
Rehabilitations, and the North Dakota State Penitentiary,
and Minimum Security Unit, and Missouri River Correctional
Center; Mark Molesworth, as the Unit Manager of
Disciplinary Segregation, and Administrative Segregation,
and Detention Segregation, and the Minimum Security Unit in
the North Dakota State Penitentiary; Pat Branson, as the
Unit Manager of the East, West, and pre-South Cell Houses in
the North Dakota State Penitentiary; Barbara McGilvery, as
the Unit Manager of the Women's Prison Unit in the North
Dakota State Penitentiary and all unnamed and unknown
members of the "Unit Management Multi-Disciplinary Team" in
the North Dakota State Penitentiary; Wanda Bier, as the
General Administrator to the Warden, and Case Records and
Management Information in the North Dakota State
Penitentiary; June Werre, as Administrator of the Business
Office in the North Dakota State Penitentiary; Marion Rott,
as Administrator of the Inmate Commissary, and Cable T.V. in
the North Dakota State Penitentiary; Bismarck/Mandan Cable
T.V., as Co-Defendant, by contract, or lease, with the North
Dakota State Penitentiary; Communications Carrier, unnamed
and unknown, as Co-Defendant, by contract, or lease, of
sales and services, for local and long- distant telephone
calls in the North Dakota State Penitentiary; Vendors by
Contract, all unnamed and unknown, who sell, lease, trade,
barter, or service, all items, products and equipment, by
oral or written contract with any Unit or Department found
within, or connected with North Dakota Office of Management
and Budgets, North Dakota Department of Corrections and
Rehabilitations, North Dakota State Penitentiary, Minimum
Security Unit, Missouri River Correctional Center and North
Dakota State Surplus Property and Rough Rider Industries,
and Frontier Days and/or Carnival Days on behalf of
themselves and all other similarly situated; Judy Berg, as
Unit Manager of the Inmate Property Office, Supervisor of
the Inmate Commissary, and the Inmate Legal Supplies, and
some unknown and undefined capacity in, or with, the Inmate
Mail Room, and U.S. Certified Mail in the North Dakota
State Penitentiary; Mirna Stromme, as the Supervisor of the
Mail Room in the North Dakota State Penitentiary; Bucknell
Pudwell, as an Officer that picks up U. S. Mail from the
Cell Blocks on behalf of himself and all others similarly
situated; Karen Halldorson, as Administrator of Inmate
Accounts and Funds in the North Dakota State Penitentiary,
on behalf of herself and all others similarly situated;
North Dakota Human Social Services, as Co-Defendant, as the
collector of child support payments from the North Dakota
State Penitentiary and Inmate Accounts and Funds; and all
unnamed and unknown employees as Co-Defendants of the North
Dakota Human Social Services, who act as agents, or in
participation in collecting child support payments from the
Inmate Accounts and Funds in the North Dakota State
Penitentiary agent North Dakota Human Social Services
employees; North Dakota Board of Addiction Counselors, as
Co-Defendants, as the North Dakota State Agency granting
licenses to the Counselors employed in the North Dakota
State Penitentiary; Bev Bergson, as the Unit Manager and
Director of the Treatment and Counseling Services Department
in the North Dakota State Penitentiary and Director of
Social Services, and Inmate and Officer of Health Care
Services and Religious services in the North Dakota State
Penitentiary; Fred Walker, as an Inmate Peer Counselor in
the Treatment and Counseling Services Department in the
North Dakota State Penitentiary on behalf of himself and all
others similarly situated; Jane Myers, as Co-Defendant, as
an ex-Treatment Counselor in the Treatment and Counseling
services Department in the North Dakota State Penitentiary
on behalf of herself and all others similarly situated;
Donna Mathis, as Co-Defendant, a former Inmate in the North
Dakota State Penitentiary; Richard McNair, as Co-Defendant,
as ex-Peer Counselor in the Treatment and Counseling
services Department in the North Dakota State Penitentiary
on behalf of themselves and all others similarly situated;
Joel Zahn, as Co-Defendant, as ex-Peer Counselor in the
Treatment and Counseling Services Department in the North
Dakota State Penitentiary on behalf of themselves and all
others similarly situated; Mary Dasovick, as Supervisor of
Inmate and Officer Health Care Services in the North Dakota
State Penitentiary; North Dakota State Penitentiary Inmate
and Officer Health Care, Unnamed and Unknown Duty Nurses on
behalf of themselves and all others similarly situated; and
all unnamed and unknown members of the "Medical Financial
Approval Team" in the North Dakota State Penitentiary; Dr.
Luithle, as CoDefendant, as the professional and medical
Health Care personnel for inmates in the North Dakota State
Penitentiary on behalf of themselves and all others
similarly situated; Dr. Johnson, as Co-Defendant, as the
professional and medical Health Care personnel for inmates
in the North Dakota State Penitentiary on behalf of
themselves and all other similarly situated; Dr. Carr, as
Co-Defendant, as the professional and medical Health Care
personnel for inmates in the North Dakota State Penitentiary
on behalf of themselves and all others similarly situated;
Dr. Griffin, as Co-Defendant, as the professional and
medical Health Care personnel for inmates in the North
Dakota State Penitentiary on behalf of themselves and all
others similarly situated; Dr. KoBriger, as Co-Defendant,
as the professional and medical Health Care personnel for
inmates in the North Dakota State Penitentiary on behalf of
themselves and all others similarly situated; Dr. Luistro,
as Co-Defendant, as the professional and medical Health Care
personnel for inmates in the North Dakota State Penitentiary
on behalf of themselves and all others similarly situated;
Dr. Rillo, as Co-Defendant, as the professional and medical
Health Care personnel for inmates in the North Dakota State
Penitentiary on behalf of themselves and all others
similarly situated; Dr. Breen, as Co-Defendant, as the
professional and medical Health Care personnel for inmates
in the North Dakota State Penitentiary on behalf of
themselves and all others similarly situated; Dr. Beattie,
as Co-Defendant, as the professional and medical Health Care
personnel for inmates in the North Dakota State Penitentiary
on behalf of themselves and all other similarly situated;
Dr. Hushka, as Co-Defendant, as the professional and medical
Health Care personnel for inmates in the North Dakota State
Penitentiary on behalf of themselves and all others
similarly situated; Dr. Hamar, as Co-Defendant, as the
professional and medical Health Care personnel for inmates
in the North Dakota State Penitentiary on behalf of
themselves and all others similarly situated; MA, as
Co-Defendant, as the professional and medical Health Care
personnel for inmates in the North Dakota State Penitentiary
on behalf of themselves and all others similarly situated;
Valerie Sturlangson, as the Pharmacist for inmates in the
North Dakota State Penitentiary, on behalf of herself and
all others similarly situated; A. G. Malaktaris, as the
Dentist, as Co-Defendant, for dental care of inmates in the
North Dakota State Penitentiary, on behalf of himself and
all others similarly situated; Dr. Samuelson, as
Co-Defendant, as the Psychiatrists in the North Dakota State
Penitentiary and Jamestown State Hospital, on behalf of
themselves and all others similarly situated; Dr. Asmir, as
Co-Defendant, as the Psychiatrists in the North Dakota State
Penitentiary and Jamestown State Hospital, on behalf of
themselves and all others similarly situated; Dr. Ulrich,
as Co-Defendant, as the Psychiatrists in the North Dakota
State Penitentiary and Jamestown State Hospital, on behalf
of themselves and all others similarly situated; Keith
Grabrowski, as Supervisor and/or Officer at the Missouri
River Correctional Center, MSU, Rough Rider Industries,
Dairy Barn, and BEP Warehouse, on behalf of themselves and
all others similarly situated; Mike Olson, as Supervisor
and/or Officer at the Missouri River Correctional Center,
MSU, Rough Rider Industries, Dairy Barn, and BEP Warehouse,
on behalf of themselves and all others similarly situated;
Gary Griegs, as Supervisor and/or Officer at the Missouri
River Correctional Center, MSU, Rough Rider Industries,
Dairy Barn, and BEP Warehouse, on behalf of themselves and
all others similarly situated; Wendell Wentz, as Supervisor
and/or Officer at the Missouri River Correctional Center,
MSU, Rough Rider Industries, Dairy Bar, and BEP Warehouse,
on behalf of themselves and all others similarly situated;
Lemerman Val Gross, Lt., as Supervisor and/or officer at the
Missouri River Correctional Center, MSU, Rough Rider
Industries, Dairy Barn, and BEP Warehouse, on behalf of
themselves and all others similarly situated; Irvin
Ennminger, as Supervisor and/or Officer at the Missouri
River Correctional Center, MSU, Rough Rider Industries,
Dairy Barn, and BEP Warehouse, on behalf of themselves and
all others similarly situated; Dennis Fracassi, as
Supervisor and/or Officer at the Missouri River Correctional
Center, MSU, Rough Rider Industries, Dairy Barn, and BEP
Warehouse, on behalf of themselves and all others similarly
situated; Perry Hesch, as Supervisor and/or Officer at the
Missouri River Correctional Center, MSU, Rough Rider
Industries Dairy Barn, and BEP Warehouse, on behalf of
themselves and all others similarly situated; Ruben Schmidt,
as Supervisor and/or Officer at the Missouri River
Correctional Center, MSU, Rough Rider Industries, Dairy
Barn, and BEP Warehouse, on behalf of themselves and all
others similarly situated; Deanne Morris, as Supervisor
and/or Officer at the Missouri River Correctional Center,
MSU, Rough Rider Industries, Dairy Barn, and BEP Warehouse,
on behalf of themselves and all others similarly situated;
Carol Redmann, as Supervisor and/or Officer at the Missouri
River Correctional Center, MSU, Rough Rider Industries,
Dairy Barn, and BEP Warehouse, on behalf of themselves and
all others similarly situated; Bob Keller, as Supervisor
and/or Officer at the Missouri River Correctional Center,
MSU, Rough Rider Industries, Dairy Barn, and BEP Warehouse,
on behalf of themselves and all others similarly situated;
Linda Engmann, as Co-Defendant, as Administrator of the
State Surplus Property Office, as Supervisor of inmates
assigned to the State Property Office from the Missouri
River Correctional Center; Floyd Rouarke, as Co-Defendant,
as Administrator of the State Surplus Property Office, as
Supervisor of inmates assigned to the State Property Office
from the Missouri River Correctional Center; Reginald
Trieb, as Inmates in association with Supervisors and
Officers of the Missouri River Correctional Center and State
Surplus Property Office, MSU, Dairy Barn, and BEP; Brad
Horvath, as Inmates in association with Supervisors and
Officers of the Missouri River Correctional Center and State
Surplus Property Office, MSU, Dairy Barn, and BEP; Cook, as
Inmates in association with Supervisors and Officers of the
Missouri River Correctional Center and State Surplus
Property Office, MSU, Dairy Barn, and BEP; Vern Lepard, as
Inmates in association with Supervisors and Officers of the
Missouri River Correctional Center and State Surplus
Property Office, MSU, Dairy Barn, and BEP; Bill Canada, as
Inmates in association with Supervisors and Officers of the
Missouri River Correctional Center and State Surplus
Property Office, MSU, Dairy Barn, and BEP; John Lafferty,
as Inmates in association with Supervisors and Officers of
the Missouri River Correctional Center and State Surplus
Property Office, MSU, Dairy Barn, and BEP; North Dakota
Department of Corrections Informers, all unnamed and
unknown, used in the capacity to sign false affidavits
charging innocent inmates with DOCR violations and felony
offenses, on behalf of themselves and all others similarly
situated; Calvin R. Edwards, as Co-Defendant, as Regional
Director of Federal Inmates housed, by contract, in the
North Dakota State Penitentiary, on behalf of himself and
all others similarly situated; Ed Zuern, as Co-Defendant,
as Chief legal counsel for the DOCR, on behalf of himself
and all others similarly situated; State Bonding Fund of
North Dakota, as Co-Defendant; George Sinner, as
Co-Defendant, as the government official signing laws
regulating budgets for the Department of Corrections and
Rehabilitations and State Surplus Property; North Dakota
State Legislature, Unnamed and Unknown Members, as Co-
Defendants, as the legislative members to supervise and to
administer the financial transactions of the various state
agencies and departments; Office of Management and Budgets,
as Co-Defendant, as the North Dakota agency responsible for
the distribution of budgets and funds to operate the North
Dakota Department of Corrections and Rehabilitations, North
Dakota State Penitentiary, Missouri River Correctional
Center, and State Surplus Property Office; Bob Walsh, as
Co-Defendant, as the North Dakota Agency responsible for the
distribution of budgets and funds to operate the North
Dakota Department of Corrections and Rehabilitations, North
Dakota State Penitentiary, Missouri River Correctional
Center, and State Surplus Property Office.; Nicholas
Spaeth, as Co-Defendant, as the chief law enforcement
officer to enforce the proper application of funds
appropriated for the operation of public institutions of the
State of North Dakota and prosecute breaches of trust in the
administration of those funds; Linda Leuwer, as shift
Captain in the North Dakota State Penitentiary; Stan
Cadotte, as shift Lt. in the North Dakota State
Penitentiary; Craig Therer, as Correctional Officer on
behalf of themselves and all others similarly situated in
the North Dakota State Penitentiary; Dave Heidt, as
Correctional Officer on behalf of themselves and all others
similarly situated, in the North Dakota State Penitentiary;
Richard Draeger, as Correctional Officer on behalf of
themselves and all others similarly situated, in the North
Dakota State Penitentiary, Appellees.
 No. 92-2123.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 1, 1992.
Filed: October 27, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary Dean Olson, a North Dakota inmate, appeals the district court's[1] sua sponte dismissal of his 42 U.S.C. § 1983 complaint for failure to comply with Federal Rule of Civil Procedure 8(a). Olson and twenty-four other named pro se plaintiffs moved to file an eighty-page complaint in forma pauperis on behalf of themselves and all others similarly situated.[2] The complaint named over seventy defendants, most of whom are prison officials, and included numerous unnamed and unknown defendants. The prisoners asserted thirty-four claims concerning conditions and practices at the North Dakota State Penitentiary, Minimum Security Unit, and the Missouri River Correctional Center.
 
 
 2
 The district court granted their motion to proceed in forma pauperis, but dismissed the complaint sua sponte for failure to comply with Rule 8(a)'s requirement that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The court suggested that "justice would be better served" if the plaintiffs presented "one claim at a time to the court in separate lawsuits."
 
 
 3
 After careful review of the record, we conclude that the district court did not abuse its discretion in dismissing Olson's complaint. See Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1985) (dismissal under Rule 8 reviewable for abuse of discretion), cert. denied, 488 U.S. 1013 (1989). The complaint is wordy and confusing, and does not provide the district court with the "short and plain statement" required by the rule. See Fed. R. Civ. P. 8(a)(2).
 
 
 4
 Accordingly, we affirm. We remand the case to the district court for entry of a dismissal without prejudice.
 
 
 
 [1]
 The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota
 
 
 [2]
 Only Olson is named in and signed the notice of appeal. Thus, this court does not have jurisdiction over the other plaintiffs. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988)